IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**BROTHERHOOD OF LOCOMOTIVE**
**ENGINEERS AND TRAINMEN,**
**a Division of the Rail Conference of**
**the International Brotherhood of**
**Teamsters,**

        Plaintiff,                                                 Case No. CV10-1366-SU

    v.

**UNION PACIFIC RAILROAD CO.,**                          Opinion and Order

       Defendant.

John S. Bishop
McKanna Bishop Joffe &Arms
1635 N.W. Johnson Street
Portland, Oregon 97209

Michael S. Wolly
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Avenue N.W., Suite 712
Washington, D.C. 20036
       Attorneys for plaintiff

Timothy J. Coleman
Wendy M. Margolis
Cosgrave Vergeer Kester
805 S.W. Broadway, 8th Floor
Portland, Oregon 97205

Opinion and Order Page 1

Clifford A. Godiner
Thompson Coburn
One US Bank Plaza
St. Louis, Missouri 63101
    Attorneys for defendant

SULLIVAN, Magistrate Judge:

    The Brotherhood of Locomotive Engineers and Trainmen ("BLET") brings this action seeking review of an arbitration award ("the Award") of the Public Law Board ("PLB 7228") and requesting that part of the award be set aside. The court has jurisdiction under the Railway Labor Act ("RLA"), 45 U.S.C. § 153, First (q) and Second.

    The dispute arose from the discharge of an employee of Union Pacific Railroad Co. ("UP"), L.L. Johnson. Johnson was reinstated and awarded pay for lost time by PLB 7228. BLET challenges the part of the Award permitting deduction of outside earnings by Johnson while he was terminated from his employment with UP.

## FACTUAL BACKGROUND

    UP is a railroad carrier subject to the RLA and headquartered in Omaha, Nebraska. Maxwell Decl. ¶ 4. BLET is a national labor organization certified to represent UP's locomotive engineers. Compl. ¶ 3. UP and BLET are parties to a collective bargaining agreement ("CBA") applicable to UP's locomotive engineers. Compl. ¶ 9. Both UP and BLET operate throughout the United States, including Oregon and Illinois. Compl. ¶ 2-4; Maxwell Decl. ¶ 4.

    L.L. Johnson is a locomotive engineer for UP who at all material times has worked out of La Grande, Oregon. Dayton Decl. ¶ 5. UP terminated Johnson for failure to complete a random drug and alcohol test. Dayton Decl. ¶ 8. BLET appealed the termination on Johnson's behalf to

PLB 7228. An arbitration hearing was held in Chicago, Illinois. Maxwell Decl. ¶ 9. The Award in Johnson's favor was issued by Arbitrator Edwin Benn whose address is in Glencoe, Illnois. Maxwell Decl. ¶ 7. The Award included backpay but allowed UP to deduct any outside earnings Johnson might have made between his dismissal and reinstatement. Compl. Ex. A at 9.

BLET has filed a similar action in the Northern District of Illinois, *Brotherhood of Locomotive Eng'rs & Trainmen v. Union Pac. R. R. Co.,* No. 1:10-cv-06661 (N.D. Ill October 15, 2010) ("*Blann*") on behalf of E.L. Blann. Blann was also terminated by UP and reinstated after appeal to the National Railroad Adjustment Board ("NRAB").[1] Godiner Decl. Ex. B. ¶ 11-15. The award in the *Blann* case ordered the payment of lost wages from the time of Blann's dismissal, with an offset for any outside earnings Blann received for the period of UP's backpay liability. Godiner Decl. Ex. B ¶ 16.

BLET has also filed an action in the Southern District of Illinois, *Brotherhood of Locomotive Eng'rs & Trainmen v. Union Pac. R. R. Co.,* No. 3:08-cv-828-MRJ (S. D. Ill. November 19, 2008) ("*Narron*") on behalf of W. L. Narron. Again, locomotive engineer Narron was terminated by UP and reinstated after appeal to the NRAB. The arbitration award in *Narron* also included an offset for outside earnings. The court in the Southern District of Illinois remanded *Narron* to the NRAB for determination of whether Narron actually had any outside earnings which could reduce his backpay award. Godiner Decl. Ex. D.

UP seeks to transfer venue from the District Court of Oregon to the Northern District of Illinois on the grounds that the issue in this case and the *Blann* case is identical and the cases

---

[1] Benn was also the Referee in the *Blann* case. Godiner Decl. Ex B.

should be consolidated.² No change of venue has been ordered in either of the two Illinois cases, although UP sought to transfer venue of the *Narron* case to the Western District of Missouri, the site of the events that led up to *Narron*. Pl.'s Mem. In Opp., Attach. A.

*Legal Standards*

Transfer of venue between the federal courts is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

District Courts have broad discretion to transfer a civil action to any other district where the action may have been brought initially when party convenience and the interest of justice make a transfer appropriate. *Id.* While this statute partially displaces the common law doctrine of *forum non conveniens,* that doctrine's considerations are helpful in deciding a Section 1404(a) transfer motion. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Doe v. Corporation of the Association of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* No. 08-CV-371-SU, 2009, WL 21327222 (D.C. Or. July 10, 2009)). When deciding a motion to transfer venue, a court must "balance the preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id*. at *1. Typically, a court should give plaintiff's choice of forum great deference unless defendant can show that other factors of convenience clearly outweigh plaintiff's choice of forum. *See Decker Coal Co.,* 805 F.2d at 843. The defendant, as moving party, must show that a transfer of venue will allow a

---

² UP suggests that the case ought not to be transferred to the Southern District of Illinois as the *Narron* case has gone back to the NRAB and will require a longer period to resolve than the *Blann* case in the Northern District of Illinois. It is not possible for this court to determine how long it will take to resolve either of the cases brought in Illinois.

case to proceed more conveniently and better serve the interests of justice. *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

When considering a motion to transfer, private and public factors must be considered. Private-interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of the cases expeditious and inexpensive. Public-interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action, and (5) the avoidance of unnecessary problems in conflicts of law. *Decker Coal Co.,* 805 F.2d at 843.

A motion to transfer does not address the merits of a case but merely changes the forum of an action. It is, therefore, a non-dispositive matter that is within the province of a magistrate judge's authority. *Fenley, LLC v. Diederich*, Nos. 06-6243-TC, 06-6281-TC, 09-6095-TC, 2010 WL 28662 (D. Or. January 5, 2010).[3] Transfer of venue is a non-dispositive matter and the standard of review for the magistrate judge's findings is clear error. *Paoa v. Marati, et al.*, 2007 WL 4563938 (D. Hawaii, December 28, 2007).

*Discussion*

The first requirement of the transfer statute has been met. There is no dispute that both

---

[3] A motion to transfer venue is not with the exceptions in 28 U.S.C.§636(b)(1)(A) nor a dispositive motion within the meaning of Rule 72 of the Federal Rules of Civil Procedure.

this court and the District Court in the Northern District of Illinois have jurisdiction to decide the issue in this case. Both BLET and UP operate in Oregon and Illinois and venue would be proper in either forum. *Hoffman v. Balski*, 363 U.S. 335, 343-44 (1960). The issue to be decided arises under federal law, the RLA, and each district court is equally competent to decide a case involving federal questions. While the operative facts which led to the dispute in this case, i.e. those surrounding Johnson's discharge, occurred in La Grande, Oregon, arbitration proceedings and entry of the Award took place in Chicago, Illinois.

The second requirement, the convenience of the parties and interests of justice, requires an analysis of the private and public factors adopted by the Ninth Circuit and this court. *Decker Coal Co.,* 805 F.2d at 843; *Doe*, 2009 WL 21327222 *2. A district court has discretion to adjudicate a motion to transfer to another district court on a case-by-case basis considering both convenience and fairness. *Stewart Org. v. Ricoh Corp.* 487 U.S. 22, 29 (1988) Defendant must make a strong showing of inconvenience to upset a plaintiff's choice of forum. *Creative Tech., Ltd. v. Aztech Sys*, 61 F. 3d 696, 703 (9th Cir. 1995).

This case involves review of an arbitrator's award under the RLA. As such, there is no necessity to view subject premises, impose jury duty on the people in the Pendleton Division in Eastern Oregon, or determine questions of diversity or choice of law. Rather, the questions of convenience and interest of justice concern whether any witnesses will be necessary, the availability of compulsory process and cost for attendance of those witnesses, local interest in the controversy, and administrative difficulties flowing from court congestion. Additionally, in the catch-all category of "other factors that render the trial of the case expeditious and inexpensive," the court should consider the pendency of the other cases involving the same issue in Illinois.

UP argues that BLET's choice of forum is entitled to no weight because the arbitration and entry of the Award occurred in the Northern District of Illinois, and the place where Johnson was investigated and terminated is unimportant.[4] UP contends that the private factors relevant to the case, i.e. ease of access to proof and availability of witness, are also not relevant.

There is no evidence in the record that Johnson had any outside earnings during the time he was appealing termination from UP. That issue may become important as the case develops.[5] The sources of proof and witnesses regarding Johnson's outside earnings may be found in Oregon. There may be some local interest in how Johnson's back pay issue is decided but the decision may also have effects on a broader group of train engineers. On the other hand, the arbitration and the Award took place in the Northern District of Illinois before the same arbitrator who issued the *Blann* decision. Should remand be ordered, the case may go back to PLB 7228 sitting in Chicago. BLET is a nationwide union with its headquarters in Cleveland, Ohio and UP is based in Omaha, Nebraska. Oregon is not the state of incorporation nor the principal place of business for either party. See *Carolina Cas. Co. v. Data Broad Corp*. 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). While BLET's choice of forum is entitled to some weight it is not conclusive here.

UP argues that the catch-all private factor, whether the case can be heard in a more expeditious and inexpensive manner, favors transfer because *Blann* is already pending in the

---

[4] Interestingly, these same parties took the opposite positions in the *Narron* case when UP moved to transfer the case to the Western District of Missouri. The court in *Narron* declined to transfer the case and found that UP had failed to carry its burden that the Western district of Missouri was more convenient than the Southern District of Illinois.

[5] Indeed, the *Narron* court identified just such an issue and remanded the case back to the arbitrator for the development of this factual issue.

Northern District of Illinois and involves the same issue as this case.[6] I agree. In the Ninth Circuit, the pendency of a case involving the same parties and the same issues has consistently been viewed as a significant factor in deciding a change of venue. *A.J. Indus., Inc v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) stands for the proposition that even the possibility of consolidation weighs heavily in favor of transfer.[7] "The feasibility of consolidation is a significant factor in a transfer decision . . . . Even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Id*. at 389. "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another court." *Pacesetter Sys., Inc. v. Medtronic, Inc*. 678 F.2d 93, 94-95 (9th Cir. 1982).

The interests of justice warrant transfer of this case. The parties here are identical to the parties in the *Blann* case in the Northern District of Illinois and the issue in both cases is the same: whether UP can offset outside earnings from its backpay liability as held in an award issued by an arbitrator under the RLA. The *Blann* case was filed before the instant case and

---

[6] To the extent that there may be administrative difficulties as a result of court congestion, the case numbers and time periods slightly favor the District Court of Illinois but this factor is not conclusive. Def.'s Mem. In Supp., p. 10.

[7] Recent cases in the Ninth Circuit which have addressed this issue have favored transfer. See *Mann v. Liberty League International, LLC*, No. CV-09-1260-PHX-GMS, 2010 WL 94114 (D. Arizona, January 6, 2010); *Moore v. C.R. England, Inc*., No. 09-1841 SC , 2009 WL 3458303(N.D. California, October 23, 2009); *Data Retrieval Technology, LLC v. Sybase, Inc.*, No. C08-1702 RSM, 2009 WL 960681 (W.D. Washington, April 8, 2009).

motions for summary judgment are scheduled to be filed May 11, 2011.[8] Here, the feasibility of consolidation of this case with the *Blann* case is a significant factor warranting transfer. *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *A. J. Industries,* 503 F.3d at 389.

After careful consideration of the briefs and records submitted herein, I conclude that both the private and public factors favor transfer. Thus, "for the convenience of the parties and witnesses, in the interest of justice," this case should be transferred to the Northern District of Illinois.

*Conclusion*

Defendant UP's Motion to Transfer Venue (Docket # 5) is GRANTED. The case shall be transferred to the United States District Court for the Northern District of Illinois.

IT IS SO ORDERED.

Dated this 5th day of May, 2011.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

---

[8] Northern District of Illinois, CM/ECF, Civil Docket for Case No. 1:10-cv-06661 (Docket # 16)